All right, the next case before the court is Metcalf Construction, case number 135041. And Mr. Simon is that right? Yes. Do you want to reserve three minutes for rebuttal? Yes, in your own gallery? No, your honor. Okay, you can begin. Good morning, your honors. May it please the court? Our appeal for Metcalf Construction is based upon the fact that we believe the trial court applied the wrong standard to a breach of contract case involving the implied duty of good faith and fair doings. We believe that the applicable standard here is this court's decision in Malone v. U.S. It's an objective reasonableness test. The trial court and the government, however, have taken the position that this court's subsequent decision in Precision Pine is applicable standard to the breach case. In that case, the court articulated the standard as that the government action was specifically targeted at the contractor to reappropriate a benefit guaranteed by the contract. The trial court is wrong for a number of reasons. Number one, it's a radical departure from 150 years of government contract law where conduct similar to what Metcalf experienced in this Navy contract was ruled to be a breach of the implied duty, whether it was a duty to cooperate or a duty not to hinder performance. Examples that the court found below, findings of fact, number one, at the beginning of the job, they ran into a differing site condition with the soil. Okay, can I ask you, suppose hypothetically that you win on here, on the contention that the expansive soil's site condition, it's a straight-up breach of contract claim is right. Does the duty of good faith and fair dealing matter at all to the outcome? Yes, it does, Your Honor. How? Because one of the things that I guess I was not able to answer, dollar-wise or otherwise, follow from each of your challenges to what the claims court did. Yes, Your Honor. If you go back to the Malone case, the U.S., very similar circumstance, little different result, different circumstance, or same circumstance. In Malone, there was an exemplar. They were refurbishing military housing homes and they established an exemplar for what the painting would look like and what the refurnishing of the structures would look like. They presented that to the contracting officer and then the contractor proceeded with the work, got 70% of the way done with this work. All of a sudden, the contracting officer came back and said, I reject your work. I want you to go back and do it all over again. The contractor refused and he was terminated for default. The Malone court said that the duty of good faith and fair dealings because he let the contractor go perform 70% of the work. He paid the contractor all during that time. I don't think you understood Judge Taranto's question. Let me try it again and you can correct me if I'm wrong. If in fact, and this is just hypothetical, but if we were to say that under the differing site conditions clause, that your contractual matter under those clauses, what aspects of your claim are left that would have to turn on the question of the obligation of good faith and fair dealing? The design piece or what? Right. It's the totality of the circumstances. If there's a material breach of contract, then the contract terms in terms of what the price was. The contract price was $49 million, but if the contract was materially breached, just like in Malone, then our position is that we're entitled to our total cost of performance, less what we've been paid to date. It's just not a, how much did the expansive soil issue cost you? How much did the chloridane issue cost you? It's the fact that from the beginning to the end, we were hit with all these very significant problems that delayed the project to the point where it finished almost two years after the contract completion date. We spent $26 million more than the contract price. You want us to say, and I guess I didn't get this from your brief, but you want us to say that if you look at the totality of the conduct and you put it all together, that it was sort of this generalized breach of good faith and fair dealing and therefore what? I say you can look at one or two or three. You can look at the expansive soil issue where the court below found breach. She said, the judge, that the 260 days of delay that the contracting officer waited to respond to the claim, CO denied it, but it was a breach because it was an unreasonable period of delay. I say alone that if this court agrees that's a material breach, applying the Malone standard, you can rule that that's a material breach of contract and remand it back for damages. That's my position. What other examples do you have of the government's misbehavior as you see it other than the differing site condition issue? There was overzealous and difficult and retaliatory aspects of a government inspector. When you're doing home building, each and every unit has to be inspected. There was unrefuted evidence that the court even gave examples in their decision of when she found this inspector overzealous, difficult, and a retaliatory inspector. There was a countertop that was 1 64th of an inch out of spec, so if countertop had to be at 42 inches, it was 42 inches and this much. The inspector said, on any other job, I would have accepted this particular countertop. It'd be even good quality, but not this one. This project is a war. That was quoted in the judge's decision. That was throughout the inspection process. There were numerous other examples that she mentioned. Does the amount of damages in any way turn on the amount of the material breach? On the amount in terms of... In response to the couple of questions asked before, I think you said any material breach triggers a right to damages. I took away from that, maybe, that you were saying if there was any material breach, say, on the site conditions, this other stuff just doesn't even have to be attended to, so that leads me to this question. Is that really correct, or might the amount of damages that you're entitled to under governing law, if there's a material breach, depend on how many material breaches there were, what specifically they were, or is there a clean divide, material breach, and now we're doing damages, and you get all your costs? Clean divide. When Judge O'Malley questioned whether I properly understood your question, I was talking about Malone. In Malone, the contractor defaulted. He said, I'm done. If you're going to try to make me go back and redo all my work and not pay me, I'm done, and he stopped work. The court in Malone found that the government breached the contract and therefore converted the termination for default to a termination for convenience. Under a termination for convenience, you're entitled to all your costs of performance, less what you've been paid. To me, it's the same thing here. Metcalf's mistake was completing. He honored his contract. He kept on performing. Another way of asking the question, I suppose, is it's not the cumulative number of bad faith and unfair dealings that counts. As long as you have one good one, you're entitled to the same remedy. Is that your position? Yes, Your Honor, and my one good one is the beginning of the decision where the trial court agreed that we were unreasonably delayed 260 days. That's one-third of the original contract duration. What is the remedy that you are entitled to? The remedy would be I spent $76 million to finish 212 homes. I gave you beautiful homes. Military families are happy. You only paid me $50 million when I thought I would be able to perform this work in 720 days and you, Navy, would treat me reasonably. You would cooperate with me during my construction. You would not hinder my performance, and I'd be able to do that for $50 from the beginning to the end. You delayed me unreasonably 260 days. Your inspectors treated me like they were at war with me. The contracting officer designated by name in the trial court's decision as incompetent. That's unprecedented. Incompetence is a breach of the duty. I've never seen a case where a judge has identified a contracting officer by name. There were hard-nosed tactics negotiating where I get that the government's entitled to retention. They're entitled to retain money on a job, but they can't use that tool to make the contractor give up claims. We had a number of claims related to Clordane, and the government would say in response to our payment request, we'll pay you and we won't retain money if you give up claim rights. Unfortunately, modifications were signed during the project where we gave up claim rights to get paid. We're not asking for that money back. Those were changes. We signed them. There were modifications. When you consider all that conduct on this type of job, it rises to material breach. We did not bargain for unreasonable government conduct. If you win on that argument, you'll get all your money back. Yes, Your Honor, which is a good segue. So you really haven't given up the modifications that you agreed to? We did not give up. That was part of the $50 million. That's the adjusted contract price. We were not compensated for the expansive soil issue. We were not fully compensated for the Clordane issue. We were not fully compensated for all the delays. It was a for example, when the 260 days expired and they finally said you can go back to work on the soil. Within a couple of weeks, they threatened us with default and said, you're behind schedule. Now we had to switch our whole entire method of operation. Instead of using the concrete system that we had designed, we had to go to what was called post-tension concrete so the concrete cures faster. That cost us $5 million alone. And we were just reading and reacting to every situation to try to finish this job. So if we decide that the trial court applied the wrong legal standard as it relates to the breach of good faith and fair dealing, do we have to send it back for the trial court to then say under this standard? And whether we say that you have to look at the totality of the circumstances or otherwise, have to give the trial court the first opportunity to assess it under the new standard? I say no, Your Honor. It's not a new standard. The Malone standard has been around since 1988. But it's a standard that Judge Brayden didn't apply. It's new for her in this case. It's definitely a broader standard and she could have easily said. But the question is, can we decide that here on this record or do we send it back to the trial court? I'm requesting you on this record not to send it back. I think this panel can rule based upon the four or five of her findings, the 260 days delay, the incompetence of the contracting officer, the overzealousness and retaliatory aspect of the inspectors, the issues over chloridane and expansive soil where they didn't promptly investigate those issues. Their knee-jerk reaction was to deny it. Chloridane, for example, as soon as we put the government on notice of the chloridane issue, there's an internal email from a captain in the Navy to the resident officer in charge of construction for the Navy saying, issue a preemptive strike letter to the contractor. Issue a preemptive strike letter to the contractor. So for 260 days they waited to respond to our expansive soil issue. When we put them on notice of the chloridane, which is a carcinogen... So you're looking for a reversal, not a vacate and remand. I'm asking you to reverse, to find judgment in favor of Metcalfe on entitlement that there's a material breach of contract based upon a breach of the implied duty of good faith, fair dealings, and to remand for damages. I just want to, this is probably the same question I've already asked, but does any of your claims, including the site condition claim, turn only on breach of an express term of contract or do all of your claims require application of the duty of good faith and fair dealing? Some turn on express duties of the contract and some turn on just the implied duty. So, for example, they're in the... They turn on both? Alternatively? Well, there's a mixed bag because some of them, there were dozens of examples that we laid out for the trial court in terms of what we consider the breach. Let me just say, I mean, why I'm asking, and this is not clear in my mind. Because Judge Braden applied a particular standard for duty of good faith and fair dealing, if we thought that was wrong, the normal instinct is give the trier a fact, the chance to apply the right standard. But that might not be necessary if there is an independent breach of contract not dependent on the standard for duty of good faith and fair dealing. And so I'm asking, is there such a claim that you make that we can say is a breach without the duty of fair good faith? And what is that? Under the differing site condition clause that was included in the contract, it's FAR 52, 236-15, I believe. There's a duty on the contracting officer to promptly investigate the claim. When the trial court made their decision that the 260 days was unreasonable, she determined that the Navy breached that clause. Right. But do you argue that there's any other basis upon which the Navy breached that clause separate and apart from the delay? The implied duty of good faith and fair dealings. Well, if I understand this discussion, what you're saying is that with regard to the soil condition issue and the chlordane issue, those are not issues of good faith and fair dealing. Those are issues of contract interpretation. Is that correct? No, it's incorrect. It's both. So under the differing site condition clause, they have to promptly investigate. They breached that. But Metcalfe had a design-build contract. We were supposed to design this project and give that to the government, and then we built to it. When we hit that soil, that bad soil, we developed a design to deal with that bad soil. They would not let us proceed with it. So we contend that their failure to let us proceed to mitigate damages, to avoid delay, was a breach in the implied duty of good faith and fair dealings. They hindered our performance. So unless we hold for you on the duty of good faith and fair dealing, you lose everything. That's correct, except for the breach of contract on the 260 days. But even the trial court, even though she found breach, even though she found we're entitled to 260 days, there was no impact. She gave us no remedy. If you look at both decisions, there's one on entitlement, and there's one on damages. I would have thought you would argue that the breach of the differing site condition problem was a separate contract issue, but you're not arguing that. I think that's how the court analyzed it. And they were wrong. We filed an original complaint that count one was breach of the implied duty of good faith and fair dealings. Count two was a delay in impact claim based on expansive soil, based on chlorinated. When we realized the disparity in damages, when we went for a breach of contract claim, total cost, it was a $26 million claim. The way a schedule analysis works and looking at discrete issues of delay and how much they delayed you, our claim was like $13 million. And we were fearful that the court would get confused as to why there was this big disparity. So we dropped count two. We dropped the delay in impact claim. And yet in her decision, you'll see she addressed a differing site condition. She applied this court's decision in international tech to determine whether there was a differing site condition, both for expansive soil and chlorinated, but those issues were not before her at the trial court level. So you have only one count of the complaint surviving, and that's based on the duty of good faith and fair dealing? That's correct, Your Honor. Okay. Your time's up. Sorry. We'll give you an extra two minutes. We'll restore your three minutes of rebuttal. Thank you. Good morning, Your Honors. May it please the court. We respectfully request that this court affirm the trial court's judgment because the trial court correctly found that the government did not breach this firm fixed price construction contract with Metcalfe and applied the appropriate standard for determining a breach of the implied duty of good faith and fair dealing. Well, it's pretty clear that precision time was limited to a very specific factual set of circumstances, isn't it? Well, Your Honor, the facts relating to whether or not there's a legal standard necessarily has to be applied to the facts of the issue that is before the court. And Sentex and other decisions from this court actually enunciated that particularized need for having the targeted action designed to reappropriate a benefit of the contract that began in Sentex. Frankly, we do not take issue with Malone. Malone was the first time that this court addressed the implied duty of good faith and fair dealing squarely. It's a common law doctrine, and under the current standard, Malone would still be found to be a breach, given the way that the facts of that case played out. Okay. But when you say the current standard, precision time, if we don't say it's distinguishable and based on a unique set of facts, it couldn't overrule Malone, could it? No, no. And Scott Timber One specifically said that the Malone standard still applies in circumstances other than the precise circumstances that issue in precision time, right? Well, that was a – and we do not take issue with Malone at all. The government doesn't take issue with Malone. We believe that as a common law doctrine, the implied duty of good faith and fair dealing is necessarily – the application of it has just become more fulsome over time. We're not arguing that Malone was incorrectly decided. We're not asking this court to overturn Malone. And in fact, Malone fits within the precision time standard. The contract promised that the contractor could rely upon its exemplar work, which is a benefit guaranteed by the contract. And because the government accepted 70 percent of the work and continued to pay, that would – that way they reappropriated the benefit when they said, you're not doing the appropriate type of work. That's not the legal standard that we set out. The legal standard set out on Malone didn't say anything about reappropriating the benefit. It talked about the precise standard that's set forth in the restatement of torts and – or of contracts. And we reiterated that standard again in Scott One, right? That is correct, Your Honor. And again, because this is a common law doctrine, it has just become – it has just evolved over time. But respectfully, the Malone standard is exactly what this court in Sentex and Precision Pine and then the most more recent Scott – But it's pretty clear, isn't it, that the judge in York in this case focused on the standard in Precision Pine, which called for targeted action and for reappropriated benefits. And that makes no sense in a two-party case, does it? For example, in your case, it's you versus Metcalf. Any action that the government takes or that Metcalf takes could be targeted at the Moon, but it's not. It's going to be targeted at the other party, and there's no question who that is. In Precision Pine, we had a three-party problem. And Precision Pine was looking at the question of what does that third party's independent action have to do before it's relevant to the litigation between the other two parties. So I'm having a little trouble how you reconcile the trial judge's focus. She didn't talk Malone reasonable talk. She talked Precision Pine, targeted action, reappropriated benefits. She went right down that case. Yes, Your Honor. And I'm having a little trouble understanding why you think that case has any application to your facts, because you're a two-party case. Help me with that. Yes, Your Honor. As an initial matter, the legal standard is applicable across all types of cases. And in Precision Pine, what this court did was this court said, yes, the government had the ability to suspend these timber sale contracts. But what the court then looked to was the action of the Forest Service toward Precision Pine during that suspension period. So it was the same two-party action that we have here, because what the court was looking at was how was the Forest Service treating Precision Pine during the suspension period to determine whether or not there was a breach of the duty of good faith and fair dealing. But we explained in Scott Timber, too, that Precision Pine was based on a unique set of facts, the very kind of facts that Judge Plager talked about. And we explained why we were therefore applying this differing standard. I mean, we still have Malone and we still have Scott One, which is fundamentally a different standard. I mean, you keep calling it more different, but it's fundamentally different. And the outcome could change based on that fundamentally different standard. How do we know, following up on that point, how do we know what the trial judge would have done with this under Malone pure? Well, Your Honor, again, because Malone, we wouldn't reach a different outcome with the Malone case. With that type of action and those facts, this is exactly what the trial court, this is the same result the trial court would reach under that Malone standard. And again, what occurred here was the Navy throughout contract performance was simply holding Metcalfe to the specific requirements of the contract that it agreed to. The assertion of a legitimate contract right, as this court has found in David Nassif Associates and Scott Timber more recently, can never be a breach of the implied duty of good faith and fair dealing because that was part of the party's agreement. And therefore, that cannot be a breach of the implied duty of good faith and fair dealing. In this case, Metcalfe was on notice that there could potentially be, that they needed to perform testing regarding expansive soils and chlordane and knew exactly, pursuant to the terms of the contract, what needed to be done in order to remediate that. Can I ask you a question that I was discussing with, I guess, Mr. Simon before? Do you agree with what I think his answer was, which is that he alleges four or five, maybe more, different bases for concluding that there was a breach of the duty of good faith and fair dealing. Do you agree that if we think that it's indisputable that there was one, one, you know, you, the case then goes to the damages phase and the damages would not vary according to how many different bases of the breach of good faith and fair duty there were? No, Your Honor. There, there's no support for this idea that an aggregate breach then leads to, leads to 100 percent recovery. Recovery still must be linked to the breaches that are found and therefore, should that be the issue, there would, there would need to be a remand in order for... What's, what's a case if you have one in mind for, for that notion? I am not sure that I don't have a case right now. I'm happy to provide the court with one. And, and Your Honor, regarding the 260-day delay in, that the, the trial court found, we dispute that, that finding. However, we did not challenge it on appeal, but certainly the trial court also specifically made a finding of fact that, that 260-day delay was subsumed by other later delays in the, in the damages decision on page 795 of the damages decision. She specifically stated that there were other delays post-2000, post-2006 that... In connection with that, she relied on cases that, that talked about where there were simultaneous causes of delay. She, she did not then analyze it in terms of sequential delay. Isn't that error in and of itself? No, Your Honor, because the delays in 2003-2004 were subsumed by other delays that, that occurred post-2006. So that's a finding of fact that Metcalfe actually hasn't even challenged on appeal, but they did receive the benefit of that 260-day extension. No, but they did argue that she applied the wrong legal standard in concluding that they were subsumed. So they specifically argued that she used the wrong analysis, that she analyzed only those circumstances where you have concurrent causes of delay so that you can't determine exactly which caused the harm, but she did not analyze it in terms of sequential delays. So their argument is that, that they're not subsumed in those, those later causes of delay because they had to do a lot of things to expedite the rest of the, the schedule that they were never compensated for. And that's a different legal analysis. So if we say that her legal analysis using concurrent delay legalese rather than, than sequential delay was error, then, then isn't, isn't there, doesn't she have to determine what harm was caused in, because of that 260-day delay? She may, Your Honor, however, there, there is a specific finding that, a finding of fact that she made that all of the delays leading up to 2006 were subsumed by that 260-day delay. She made that finding of fact based on the testimony of Metcalfe's own expert at the trial court level. And therefore, there is a finding of fact on that issue that hasn't been challenged on appeal. Can I ask, and I think this is a variation of what we've just been talking about, but suppose we agree with Metcalfe that the findings with respect to no breach of duty of good faith and fair dealing, including perhaps the Chlordane issue, that, that either we find that there was such a breach or that we reject the finding that there was no such brief breach and remand. At that point, do we have to address the liquidated damages question or does that properly get remand, remanded because on remand a, a, it may not arise because the delay at that point may no longer be caused by Metcalfe? Well, Your Honor, that hasn't been raised by Metcalfe on, on this appeal. Therefore, we would respectfully say, no, it would not be appropriately before the trial court at that time. So we, we should affirm, I don't, not, not quite sure how we, how we do that. They didn't raise this on appeal. The liquidated damages, all that has been, as, as Mr. Simon stated, the entire entirety of the case is based on the breach of the implied duty of good faith and fair dealing. But the point is that, that once, when the dominoes fall, the liquidated damages would, would be arguably totally different. So how do, how do you say that wasn't raised on appeal? Okay. Yes, Your Honor. The liquidated damages might run the other way. They could, yes, Your Honor. They could be increased at, at, with a, with different findings of fact. And specifically, Your Honor, there's everything that Metcalfe is asserting on appeal as a breach of the implied duty of good faith and fair dealing. Everything is encompassed in the party's contract. Metcalfe simply didn't perform to the terms and was surprised that the party didn't perform to the terms of its agreed upon contract. What's the contract language? Or maybe I'll put it this way. On this question about pre-clearing design changes, the contract provision, I guess, says you have to pre-clear changes that go outside the contract. And you pointed to, was it two regulations or contract provision? Neither one of which seemed to me to say that. Not even close. Well, Your Honor. On what basis would a change from one design to another, both of which were within the contract specifications, need pre-clearance? The, once Metcalfe submitted to the government the design specifications and the government approved those specifications, the government, Metcalfe, excuse me, was required to go back if it wanted to change. I know what you're talking about. You cited something that seemed to me not to say that. I apologize, Your Honor. In the appendix, it's... I know you're a page off on the citation, but I saw the provision, but it doesn't say that. In the order of precedence clause? Yes. It says something about, you know, ranking different kinds of issues. It doesn't say that even, that once you submit a design and it's approved, that that then becomes part of the contract specification. Well, it specifically states that, except to the extent that any variation has been approved in writing by the government. And that's what the Navy was seeking, asking Metcalfe to do, to adhere to the terms of the provision and once the design specifications had been approved, seek further approval for different specifications. For these reasons, Your Honors, and for the reasons outlined in our brief, we respectfully request this court affirm the trial court's judgment. Thank you. Briefly, the trial court made four findings of government misconduct. But because by applying the specific targeting standard on a precision pine, she did not find breach. I believe this court could look at those four findings by applying the reasonableness test of Malone, which I argued below, applied, and make a finding that the contract was materially breached. I do not believe it has to be remanded for that purpose. If the judge wanted to, could have ruled... That's correct. And that's where I get back into Malone. If the government materially breaches a contract, and a material breach is a wrongful termination of a contract, just like in Malone, by operation of law, it converts to a cost reimbursement contract. And that's precisely what we're going to argue, that this material breach, by operation of law, just like in the wrongful termination setting, becomes a cost reimbursement contract. And think about this. Think about the rationale. In Malone, the contractor left. In Metcalf, he continued to perform. He could have cost the government millions of more dollars if somebody would have had to come back in and finish what they've done. So if you would agree with me that the Navy was a material breach at any particular time during the contract, Metcalf could have stopped. They could have walked off the job, licked their wounds, and went on to the next job. So why should Malone be treated more favorably than Metcalf? I submit they should not. They're in the same position. And I think Metcalf's even in a better position. The liquidated damages claim was not our claim. That was a government counterclaim. We disputed it, and it's raised on appeal. The last issue that Judge Toronto raised about the design and variations, and whether they require approval, this is from the appendix at A10294. It's the testimony of Dee Kimora, who was the government engineer who drafted the specifications or the RFP for this project. I asked him, is there any language in this clause that says variations from contract requirements that meet the RFP requirements require government approval? Answer, no. There's an internal email from Mr. Kimora to the contracting officer, Donovan Sora, that talks about this procedure for asking for variations. And in there, he says, this is A32017, if a change approved by their designer, Metcalf's designer, because remember this is a design-build contract, is lesser than their specifications but meets the RFP, we cannot force contractor to comply with the specs. I mean, it's black and white. There was no contract requirement that made us submit variations from the design that met the contract requirements. So, in short, I ask that this court reverse the trial court's ruling that they enter judgment in favor of Metcalf on entitlement, that the contract was breached, materially breached, based upon the implied duty of good faith and fair dealing, and remand for damages. Thank you very much. Thank you.